PeausoN, J.
 

 On the 14th of August, 1846, Samuel Perry executed a deed, whereby, in consideration of natural love, he conveyed
 
 to
 
 his daughter, Mary P. Perry, wife of Gustin Perry, a negro slave, Isaac, for the separate use and maintenance of the said Mary, during her life, and after her death, to the heirs of her body. At Spring Term, 1841, of the Court of Equity of Franklin County, a bill was filed by the said Mary B., and Gustin Perry, Jun’r., Joseph Perry, and Eliza Perry, infant children of the said Mary B., by their next friend
 
 *67
 
 Henry
 
 W.
 
 Perry, (the plaintiff in this suit,) against Gustin Perry, setting out the deed executed by Samuel Perry, and praying that a trustee might be appoined, to whom the said Gustin, who
 
 h&d fire mwiti
 
 acquired the legal title to the slave Isaac, might be decreed to convey upon the trusts declared in the said deed. Gustin Perry answered at the same term, and such proceedings were had that a decree was then made, that the said Gustin should convey, by a proper deed, the said slave to Henry
 
 W.
 
 Perry, in trust, for the separate use and maintenance of the said Mary B. for life, and after her death, in trust for such of her children as should then be living; and if any child should be dead, leaving issue, such issue to take the share of the deceased parent.
 

 On the
 
 1st of
 
 October, 1847, Gustin Perry executed a deed conveying the slave to Henry
 
 W.
 
 Perry, for the use of the said Mary B. and her children, in pursuance of the decree.
 

 After the decree, and before the execution of the deed, one Harris recovered judgment against Gustin Perry and others, for $-, and sued out execution, under which the slave was sold as the property of Gustin Perry, and purchased by the defendant, to whom he was conveyed by the officer, and possession taken accordingly. The defendant, at the time he purchased, had express notice of the claim of Mary B. and her children, and of the decree which had been made in their favour.
 

 The prayer of the bill is, that the defendant may convey to the plaintiff, as trustee, according to the decree, and account for the hires and profits.
 

 The answer alleges that, at the Spring Term, 1846, of the Superior Court of Law for Caswell County, one Richard Smith recovered a judgment against Gustin Perry, Samuel Perry, S. Broddie, and N. Patterson, upon which execution issued,
 
 tested of said term
 
 under which the slave was sold as the property of Samuel Perry, and was purchased and paid for by Gustin Perry, through an agent, and was by him taken into possession, and kept until he was sold as the property of said Gustin, and purchased by the defendant under the exe«
 
 *68
 
 cntion in favor of Harris against Gustin Perry and. others, referred to in the bill.
 

 Samuel Perry, Broddie and Patterson, were the sureties of Gustin Perry in the debt upon which the judgment was taken by Smith in Caswell Superior Court.
 

 The question is, what right, if any, did Gustin Perry acquire by buying and paying for the slave under the execution against himself, Samuel Perry and others, his sureties?
 

 Upon the reasoning in
 
 Morris
 
 v. Allen, 10 Ire. Rep. 203,
 
 Dobson
 
 v. Erwin, 1 Dev. and Bat. Rep. 569, it may be doubted whether Gustin Perry, as against Samuel Perry, acquired anything by his purchase, and whether it would not,
 
 even at law,
 
 be treated as a nullity, so as to leave the title in Samuel Perry. The
 
 money of
 
 Gustin Perry was applied to the payment of his own debt, and in the language of the Court in
 
 Dobson
 
 v. Erwin, “ there was, in truth, no price and no sale; the sale which the creditor and sheriff thought they were making was a mere fiction. It is a perversion of the process of the law, forbidden alike by it and common honesty, — the making a sale under it to raise money which the debtor already had, and which he applied to the satisfaction of that very debt.”
 

 But suppose the legal title did pass to Gustin Perry by force of the sheriff’s sale; without looking for authority, upon the reason of the thing it is manifest, that in Equity, he will be treated as having acquired the title for Samuel Perry. A principal debtor, with
 
 money in his pocket,
 
 suffers the property of his surety to be sold under execution, and becomes himself the purchaser! Can he, in conscience, set up any title to the property? Can he, with the same money, pay off his debt and acquire the property of his surety ? The question is too plain for argument.
 

 A purchaser at execution sale acquires only the interest of the debtor, and takes the property subject to all the equities to which it was liable in his hands; under the deed of Samuel Perry, Mary B. Perry succeeded to all of his rights; it follows that the defendant is bound to make
 
 title according to
 
 
 *69
 
 the decree against Gustin Perry, and to account for the hires and profits.
 

 For the purpose of this decision, we have assumed that the judgment of Smith against Gustin Perry and others, in Cas-well Superior Court, was also against Samuel Perry; because, from the view we take of the case, it is not necessary to advert to the fact that the writ was returned
 
 non est invenfais,
 
 and a
 
 nol. pros,
 
 entered as to him; or to the fact that the judgment, as to him, was vacated at a subsequent term.
 

 It was insisted at the hearing, that Mary B. Perry and her children, the
 
 oesinoisque trust
 
 were necessary parties,and that the suit could not be carried on in the name of the trustee alone, as it concerned the trust-fund.
 
 We
 
 incline to the opinion that the
 
 cestuis qu& trust
 
 should be parties; but as they are mere formal parties, for the purpose of concluding them by the decree, and the account which will be ordered, and as the amendment does not at all affect the merits, and does not make any other alteration in the proceedings necessary, it is allowed to be made in this Court without costs, under the recent act.
 

 Pee Cueiam. Decree for plaintiffs.